JUDGE WILLIAMS
delivered the opimos of the court:
Ward owning five eighths and Worstell one eighth of the Shelton House, in Versailles, the latter occupied it as a hotel in the year 1865. October 4, 1865, Ward sued out an attachment for rent of $233 50, alleging that Worstell was removing his property from the premises, and that he would lose the debt unless an attachment be issued. The attachment was issued by the county judge, *199 returnable on the first day of tbe next April term of the Woodford circuit court.
The attachment was in fact not returned until the fourth day of the term, whereupon the court rendered judgment by default.
On the sixth day of the term the defendant moved to set aside the judgment — 1. Because the attachment was not returned until the fourth day of the term. 2. Because of the insufficiency of the writ. 3. Because of an insufficient affidavit. 4. Because the judgment was erroneous.
Worstell and his attorney filed affidavits that he was at court to defend it .on the day returnable, and that the attorney was engaged in another suit in court when the judgment was rendered, and knew nothing of it.
The written statement upon which the attachment was issued is signed by Ward, but neither he, nor any one else, seems to have sworn to it, at least no affidavit appears in the record, nor is its absence accounted for. A statement on oath of the facts is made essential to the issual of an attachment for rent by section 5, article 2, chapter 56, 2 Stanton's Revised Statutes, 93.
The attachment is an original process, obtained not from the court; therefore, if not actually returned on the day of its return, reasonable time should be given the party to appear and defend, if he has a defense; and to give judgment immediately was well calculated to take the party by surprise.
Wherefore, the judgment is reversed, for further proceedings consistent herewith.